UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEXANDER HUYNH, et al.,<br>   Plaintiffs,<br>   v.<br>QUORA, INC.,<br>   Defendant. | Case No. 18-cv-07597-BLF<br><br>[Re: ECF 31, 33] |
| RICK MUSGRAVE,<br>   Plaintiff,<br>   v.<br>QUORA, INC.,<br>   Defendant. | Case No. 19-cv-00566-BLF<br><br>**ORDER CONSOLIDATING CASES; GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE MOTIONS TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**<br><br>[Re: ECF 14] |

Before the Court is Plaintiff Rick Musgrave's Motion to Consolidate and for Appointment of Interim Class Counsel, ECF 31, No. 18-cv-7597; ECF 14, No. 19-cv-566, and Plaintiffs Alexander Huynh, Erica Cooper, and Jeri Connor's (collectively, "Huynh Plaintiffs") opposition to Musgrave's motion and, in the alternative, counter-motion to appoint interim class counsel, ECF 33, No. 18-cv-7597. The Court heard argument on the motions on April 11, 2019 and granted Musgrave's motion in part on consolidation and denied it in part as to appointing interim class counsel. The Court likewise denied the Huynh Plaintiffs' counter-motion to appoint lead counsel, which is argued only in the alternative and requests primarily that the Court deny appoint of interim class counsel at this time. For the reasons stated on the record and as set forth below, the Court hereby CONSOLIDATES the above-captioned *Huynh* and *Musgrave* actions and DENIES WITHOUT PREJUDICE Plaintiffs' motions to appoint interim class counsel.

No party contests that consolidation of the cases is appropriate generally, but Defendant Quora, Inc. ("Quora") opposes consolidation for trial purposes. Quora Opp. at 3–4, ECF 36, No. 18-7597. "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Azpeitia v. Tesoro Refining & Marketing Co. LLC*, 2017 WL 4071368, at *1 (N.D. Cal. Sept. 14, 2017) (quoting *Investors Research Co. v. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989)). "In determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Id.* (internal quotation omitted). These two cases bring similar legal claims against Quora on behalf of, in part, two nearly identical classes for the same alleged 2018 data breach. *Compare* ECF 25, No. 18-cv-7597 *and* ECF 1, No. 19-cv-566. The Court previously consolidated the *Huynh* case, No. 18-cv-7597, with *Cooper v. Quora, Inc.*, No. 18-cv-7680, because it overlapped with the *Huynh* case in much the same way as the *Musgrave* case does. *See* ECF 19, No. 18-cv-7597. As such, the Court finds that consolidation of the two cases is appropriate. Because this is a class action case with the potential for class certification, consolidation for trial purposes is appropriate at this stage. As stated at the hearing, Plaintiffs' consolidated complaint is due **on or before April 25, 2019**.

By contrast, the Court is not persuaded that appointment of interim class counsel is necessary at this juncture. Under Federal Rule of Civil Procedure 23(g)(3), the district court may appoint interim counsel to act on behalf of a putative class before determining whether to certify a class. The appointment of interim class counsel is discretionary and is particularly suited to complex actions, as explained in the Manual for Complex Litigation (Fourth):

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . .

Manual for Complex Litigation (Fourth) § 21.11 (2004). Further, the commentary to Rule 23 notes that "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23 advisory committee's note (discussing former

subdivision (g)(2)(A), now renumbered to (g)(3)). This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Azpeitia*, 2017 WL 4071368, at *1.

This is not the type of case that warrants appointment of interim class counsel, at least now. The *Huynh* action originated as two separate cases in this district with similar complaints, which the Court consolidated. The attorneys for those Plaintiffs have successfully worked together since consolidation. Now, the Court has consolidated the *Musgrave* action, also filed in this district, with the *Huynh* action. As such, within two weeks there will be a single consolidated action with a single consolidated complaint. The parties have not identified any other related lawsuits or the potential for additional attorneys to enter the fray. Thus, "[t]his action as it currently stands . . . does not present special circumstances warranting the appointment of interim class counsel." *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596, *4 (N.D. Cal. Aug. 18, 2014) (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1-2 (S.D. Ill. May 10, 2006) (noting that typical situation requiring appointment of interim class counsel is one "where a large number of putative class actions have been consolidated or otherwise are pending in a single court")). Moreover, each party requests that two firms be appointed interim class counsel, but neither meaningfully demonstrates why two is better than one. *Cf. id.* (denying motion because "greater efficiency and clarity [could] only be realized if the Court appoint[ed] *one* firm as interim class counsel" but neither party requested appointment of only one firm). Finally, at the hearing on the motions, all Plaintiffs' counsel made clear that they believe they can work together moving forward, indicating that, as of now, "there does not appear to be any rivalry between the . . . firms." *Id.*

For these reasons, appointment of interim class counsel at this time is not necessary to protect the interests of Plaintiffs or the class. Thus, the motions on this ground are DENIED.

**IT IS SO ORDERED.**

Dated: April 11, 2019

_____
BETH LABSON FREEMAN
United States District Judge

3